T.C. Memo. 1999-207


UNITED STATES TAX COURT


ROY J. AND HELEN COLE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5394-98.              Filed June 22, 1999.


Roy J. Cole, pro se.

<u>Anne S. Daugharty</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  Respondent determined a $31,714 deficiency in petitioners' 1995 Federal income tax, an addition to tax under

section 6654(a)[1] in the amount of $1,719.60, and an accuracy-related penalty under section 6662(a) in the amount of $6,342.80.

After concessions, the issues for decision are: (1) Whether for 1995 petitioners are entitled to certain deductions related to petitioner's home office. We hold they are not. (2) Whether for 1995 petitioners are liable for the accuracy-related penalty pursuant to section 6662(a). We hold they are.

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioners resided in Edmonds, Washington.

### FINDINGS OF FACT

Petitioner has been in the floor covering business since 1962. Each morning petitioner spends approximately 1 hour in his home office contacting customers, builders, and suppliers. When petitioner returns home at night, he spends a few more hours in his home office preparing various paperwork and returning calls to people who left messages on his answering machine during the day.

---

[1]All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. References to petitioner are to Roy J. Cole.

Petitioners' home is approximately 1,300 square feet, and petitioner's home office is approximately 110 square feet. When petitioners' children grew up and moved out, petitioner converted one of the bedrooms in the house for use as a home office.

Petitioner does not have an office located anywhere else and does not use this room in the house for any purpose other than a home office. No person other than petitioner uses the room. There is no bed or dresser located in the room, and petitioner does not use the room for any type of storage.

Petitioner has one phone line for the household that doubles as a business line. Petitioner keeps business-related materials in the room, such as a computer, books pertaining to his trade, and business records.

Respondent did not raise an issue regarding substantiation.

OPINION

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.

Section 280A, in general, disallows deductions with respect to the use of a dwelling unit that is used by the taxpayer during the taxable year as a residence. However, section 280A(c)(1)(A) permits the deduction of expenses allocable to a portion of the dwelling unit which is exclusively used on a regular basis as "the principal place of business for any trade or business of the

taxpayer".  Thus, to qualify under section 280A(c) for a home office deduction, petitioner must establish that a portion of his dwelling is (1) exclusively used, (2) on a regular basis, and (3) as the principal place of business for his trade or business. See Hamacher v. Commissioner, 94 T.C. 348, 353 (1990).

We are satisfied that petitioner's home office was used exclusively and regularly in petitioner's business.  We now consider whether petitioner's home office was his principal place of business.

In Commissioner v. Soliman, 506 U.S. 168 (1993), the Supreme Court identified two primary factors to be considered in deciding whether a home office is the taxpayer's principal place of business: (1) The relative importance of the activities performed at each business location, and (2) the time spent at each place. See id. at 175.  The relative importance of the activities performed at each business location is to be determined by the basic characteristics of the taxpayer's particular business.  The point where goods and services are delivered must be given great weight in determining the place where the most important functions are performed.  See id.

In Commissioner v. Soliman, supra, the taxpayer was an anesthesiologist who divided the practice of his profession among three hospitals in Maryland and Virginia.  The taxpayer administered the anesthesia, cared for patients after surgery,

and treated patients for pain at the hospitals. See id. at 170. None of the three hospitals provided the taxpayer with an office. See id.

The taxpayer had a spare bedroom in his residence which he used exclusively as an office. See id. The taxpayer did not meet with patients at his home office, but he did spend 2 to 3 hours per day there performing various administrative tasks, such as: (1) Contacting patients, surgeons, and hospitals by telephone, (2) maintaining billing records and patient logs, (3) preparing for treatments and presentations, (4) satisfying continuing medical education requirements, and (5) reading medical journals and books. See id. On the basis of these circumstances, the Supreme Court held that the home office was not the taxpayer's principal place of business, and therefore the taxpayer was not entitled to a deduction for home office expenses. See id. at 178-179.

In the instant case, petitioner's services are not performed at the home office. Instead, his floor covering services are performed at the job sites. Therefore, while the home office was an important place for petitioner's business, we cannot say that it was his principal place of business. Accordingly, petitioner

has not satisfied the requirements of section 280A and is not entitled to a deduction for the use of a home office.[2]

In addition, respondent determined an accuracy-related penalty pursuant to section 6662(a).  Section 6662 provides for an accuracy-related penalty equal to 20 percent of the portion of the underpayment due to negligence or disregard of rules or regulations.  For purposes of section 6662, negligence "includes any failure to make a reasonable attempt to comply with the * * * [income tax laws]" and disregard "includes any careless, reckless, or intentional disregard."  See sec. 6662(c).

The Commissioner's determinations are presumptively correct, and the taxpayer bears the burden of proving otherwise.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner testified that he did not think he was negligent.  Petitioner has failed to carry his burden.  Accordingly, respondent is sustained on this issue.

---

[2]For tax years beginning after Dec. 31, 1998, sec. 280A(c)(1) has been amended to read: "the term 'principal place of business' includes a place of business which is used by the taxpayer for the administrative or management activities of any trade or business of the taxpayer if there is no other fixed location of such trade or business where the taxpayer conducts substantial administrative or management activities of such trade or business."  Our holding regarding petitioner's home office for his 1995 taxable year does not imply that petitioner may not be eligible for a home office deduction in the future.

For the foregoing reasons,

$$\text{\underline{Decision will be entered}}$$

$$\text{\underline{under Rule 155}.}$$